UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**UNITED STATES OF AMERICA**

v. 405CR018
407CV153

**GLENN MCCLOUD**

## ORDER

In 2005, this Court sentenced defendant Glenn McCloud to 240 months following his plea of guilt to violating 21 U.S.C. § 841 ("Distribution of cocaine"). 405CR018, doc. # 5 at 1-2. McCloud then unsuccessfully appealed this Court's sentencing rulings. Doc. # 7 (Notice of Appeal (NOA)); # 27 at 7 ("we affirm McCloud's sentence").

Later, he moved this Court for 28 U.S.C. § 2255 relief. Doc. # 30. In a comprehensive Report and Recommendation (R&R) following an evidentiary hearing where attorney Joel Williams appeared (per appointment) to represent McCloud, the Magistrate Judge advised this Court to deny relief. Doc. # 41. This Court agreed, noting that movant had filed no R&R Objection. Doc. ## 43, 44.

McCloud has appealed that judgment, doc. # 47 (his NOA), and this Court recently denied his Motion to Set Aside Judgment, doc. # 49, Motion for Production of Evidentiary Hearing Transcript at Government's Expense, doc. # 50, his implied (because he filed an NOA) Certificate of Appealability (COA) application,[1] and his implied (again, because he filed an NOA) *in forma pauperis* (IFP) motion, doc. # 47. Doc. # 54.

---

[1] District judges construe an NOA as an implied COA application. F.R.App.P. 22(b)(1); *see also Edwards v. U.S.*, 114 F.3d 1083, 1084 (11th Cir. 1997) (NOA is treated as implied COA application).

Citing inter-prison transfer (and thus lack of access to his legal papers) McCloud now moves the Court to stay these "*proceedings* until he is no longer in transit and has retained custody of his legal material and files where he can prepare his [COA] Application.... Alternatively, appoint counsel." Doc. # 56 at 2 (emphasis added).

The problem for McCloud, however, is that he is asking this Court to stay post-NOA proceedings. Put another way, his NOA vested the Eleventh Circuit with jurisdiction and thus control over the pace of his appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). That means, then, that he is basically asking this Court to stay *appellate* proceedings.

District courts, however, can't do that. At most they can rule on "aid-of-appeal" motions. *See, e.g., U.S. v. Burton*, 543 F.3d 950, 952 (7th Cir. 2008) (Generally, the criminal defendant's filing of an NOA shifts jurisdiction from the district court to the appeals court for those aspects of the case involved in the appeal, with the exception of ancillary issues, such as attorney's fees that may still be dealt with by the district court even after an appeal has been lodged; the district court may also issue orders in aid of the appeal, to correct clerical mistakes, or in aid of execution of a judgment that has not been stayed or superseded). Granting McCloud a "stay" may, in a cosmic sense, be said to aid his appeal, but the jurisdictional boundaries are built on more concrete distinctions than that. *See Mahone*, 326 F.3d at 1179.

It is conceivable that this Court would have some jurisdiction to rule on a post-NOA, express COA application, and thus extend the time within which one could be filed. By requesting more time to file it, McCloud essentially is assuming that this Court has jurisdiction to grant him that time.

But by not even mentioning *any* original

COA-filing deadline, he implicitly (and correctly) recognizes that there is none. As another court said:

> If the [defendant] seeking relief under § 2255 files a[n NOA], the district court which rendered the judgment "must either issue a certificate of appealability or state why a certificate should not issue." Fed.R.App.P. 22(b)(1). Other than timely filing a notice of appeal, the Court is not aware of any specific time frame within which a petitioner must seek a [COA]. *See* 20A James Wm. Moore, MOORE'S FEDERAL PRACTICE § 322.12(2)(a) (3d ed.2007).

*Faul v. U.S.*, 2007 WL 2875370 at * 1 (D.N.D. 10/3/07) (unpublished).

The absence of an *explicit* COA-application deadline is one reason why courts at both levels construe an NOA as an *implied* COA request. *See* F.R.App.P. 22(b)(1), as analyzed above, and also F.R.App.P. 22(b)(2) ("If no express request for a certificate is filed, the [NOA] constitutes a request addressed to the judges of the court of appeals"). Again, because McCloud filed no COA application with his otherwise-timely filed NOA, this Court construed it as an implied COA, *see* 16A Fed.Proc.,L.Ed. § 41:570 (*Certificates of Appealability*) (Sept. 2008), and it has *already* denied it. Doc. # 54.

By seeking more time to file an express COA, McCloud may be said to be seeking a second bite at the COA apple, and on a questionable-jurisdictional foundation at that. Given the unending need to conserve judicial resources, this Court holds that an express COA must be filed within the time that one has to file an NOA,[2] so if it is not timely filed (but an NOA is) then the Court is free to *sua sponte* imply, then rule upon, an "NOA/COA." After that, the Court need not consider a later-filed, express COA application.

Applying this rule, the Court now need not consider the later-filed, express COA application that McCloud plans to file. That, in turn, moots consideration of his motion for a stay granting him additional time to do so (and that assumes that this Court would have jurisdiction to consider it).

Accordingly, the Court **DENIES** defendant Glenn McCloud's Motion To Stay. Doc. # 56. His motion for leave to appeal IFP (doc. # 57) is **DENIED** for the reasons set forth in Order # 54. Finally, he shows no exceptional circumstances warranting the appointment of counsel, *see Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996), so his alternative request for same (doc. # 56 at 2) is **DENIED**.

This __19__ day of November, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Because the United States is a party in a § 2255 case, defendants like McCloud have 60 days within which to file an NOA. *See* § 2255 Rule 11 (F.R.App. P. 4(a) governs § 2255 appeals); F.R.App. P. 4(a)(1)(B) (60 days).