UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GLENN MCCLOUD,

Petitioner,

v.                4:07-cv-153

UNITED STATES OF AMERICA,

Respondent.

## ORDER

### I. INTRODUCTION

On October 9, 2007, Petitioner Glenn McCloud ("McCloud") filed a habeas petition with this Court. *See* Doc. 1. His petition was denied on August 18, 2008. *See* Doc. 20. McCloud filed an appeal, which the Eleventh Circuit dismissed. *See* Doc. 54. McCloud has also filed, and this Court has denied, a motion to set aside the judgment, a motion for reconsideration, and a motion for relief from judgment. *See* Docs. 27, 46, and 56; denied respectively at Docs. 36, 49, and 60.

McCloud then filed a Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e). *See* Doc. 61. In substance, McCloud asked the Court to reconsider its Order denying his motion for relief from judgment. *See id.*; Doc. 60. The Court denied McCloud's motion, on February 22, 2011, because it merely asked this court to reexamine an unfavorable ruling. *See* Doc. 63 (citing *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)).

Fifty-two (52) days later, McCloud appealed. *See* Doc. 64. McCloud requests a Certificate of Appealability ("COA"), *see* Doc. 66, and the right to proceed *in forma pauperis* on appeal, *see* Doc. 65.

### II. ANALYSIS

#### A. Certificate of Appealability

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336. McCloud "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted).

McCloud filed his notice of appeal twenty-two (22) days late. *See* FED. R. APP. P. 4 (notice of appeal must be filed within 30 days after the order appealed from is entered). There has not been any showing of excusable neglect or good cause. *See* FED. R. APP. P. 4(a)(5).

The substance of McCloud's appeal is also meritless. McCloud's Rule 59(e) motion asked the Court to reconsider its Order denying his motion for relief from judgment. See Doc. 61. "A Rule 59(e) motion [cannot be used] to relitigate old matters, raise arguments or present evidence that could have been raised prior the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408

F.3d 757, 763 (11th Cir. 2005)). Reasonable jurists cannot debate that McCloud's motion had to be denied.

His motion for a COA is *DENIED*.

### B. *In Forma Pauperis*

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

McCloud's claims are untimely and frivolous, and his appeal is not taken in good faith. McCloud's COA, *see* Doc. 66, and IFP, *see* Doc. 65, motions are *DENIED*.

This 27th day of April 2011.

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA