IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA       *
                               *
v.                             *     CR 405-018
                               *
GLENN MCCLOUD                  *

ORDER

On February 17, 2005, Defendant Glenn McCloud pled guilty to one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The offense of conviction carried no mandatory minimum sentence and a statutory maximum sentence of twenty years. At sentencing, McCloud's total offense level was determined to be 35 with a guideline range of 292 to 365 months, but his range became 240 months because of the statutory maximum.

On October 3, 2013, McCloud's offense level was lowered to 33 based upon a subsequent change to the applicable sentencing guidelines. The amended guideline range became 235 to 293 months but the 240-month statutory maximum still applied. Upon consideration of the factors listed in 18 U.S.C. § 3553(a), the Court refused to reduce McCloud's sentence below 240 months, which was within the amended guideline range. (Doc. 88.)

On October 22, 2015, the Court considered a reduction of sentence because the applicable sentencing guidelines were again

reduced. This time McCloud's offense level was lowered to 31 with an amended guideline range of 188 to 235 months. Upon consideration of the factors listed in 18 U.S.C. § 3553(a), the Court reduced his sentence to 235 months. (Doc. 92.) McCloud filed a motion for reconsideration seeking a sentence at the low end of the amended guideline range. The Court explained that after consideration of all relevant § 3553(a) factors, the sentence of 235 months remains "the appropriate societal response to McCloud's conduct" and denied the motion. (Doc. 96.)

On February 19, 2019, McCloud filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the First Step Act is the only provision that applies retroactively to defendants who have already been sentenced. Section 404 allows for a reduction of sentence based on the revised statutory penalties of the Fair Sentencing Act of 2010, if such reduction was not previously granted. In other words, Section 404 of the First Step Act allows the court to reduce a previously imposed sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 2 of the Fair Sentencing Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses. Section 3 of the Fair Sentencing Act eliminated the five-year mandatory minimum sentence for simple possession of crack cocaine.

In this case, McCloud was not subjected to a mandatory minimum sentence; thus, the Fair Sentencing Act of 2010 would have had no effect on McCloud's guideline range. His offense level of 31 remains 31. His criminal history category remains VI. His amended guideline range remains 188 to 235 months. Thus, the Court recently denied his motion to reduce under the First Step Act. (Doc. 99.)

At present, McCloud has filed a motion for reconsideration, emphasizing his rehabilitation efforts. However, these efforts are irrelevant where the Court is not authorized to reduce a sentence in the first instance. Because the First Step Act of 2018 does not apply to McCloud, the Court is not authorized to reduce his sentence; the Court therefore cannot consider the circumstances set forth in the motion for reconsideration. Stated another way, McCloud's rehabilitation efforts do not, in and of themselves, permit the Court to reduce his sentence.

Upon the foregoing, McCloud's motion for reconsideration (doc. 100) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ____day of April, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
~~SOUTHERN~~ERN DISTRICT OF GEORGIA

3