FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

20 JUN -1 PM 3: 12

CLERK _J. Hodge_
SO. DIST. OF GA.

UNITED STATES OF AMERICA                 *
                                         *
        v.                               *        CR 405-018
                                         *
GLENN MCCLOUD                            *


## O R D E R


Defendant Glenn McCloud seeks relief under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A).  The government opposes the motion.[1]  Upon due consideration, the Court denies McCloud's request for relief.

The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early upon consideration of the factors set forth in 18 U.S.C. § 3553(a) so long as such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Congress did not define what constitutes

---

[1]  McCloud also filed a "Motion to Expand Record" to include his evidence that he exhausted administrative remedies prior to filing the instant motion.  The Government does not oppose the motion.  Upon consideration, the motion to expand record (doc. 103) is **GRANTED**.

"extraordinary and compelling circumstances" other than to express that "[r]ehabilitation of the defendant alone" is insufficient. See 28 U.S.C. § 994(t). Rather, Congress instructed the Sentencing Commission to promulgate the "criteria to be applied and a list of specific examples" of extraordinary and compelling reasons.  Id.

The existing policy statement of the Sentencing Commission, adopted before passage of the First Step Act of 2018, provides that in addition to the existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community.  U.S.S.G. § 1B1.13.  The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).  McCloud concedes that he does meet any of these criteria.  The application note also provides a catch-all category: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories.  Id. n.1(D) (emphasis added).

Indeed, prior to the First Step Act, § 3582(c)(1)(A) provided that only the Director of the Bureau of Prisons ("BOP") could bring a motion for compassionate release.  However, Section 603(b) of the First Step Act, titled "Increasing the Use and Transparency of

Compassionate Release," amended § 3582(c)(1)(A) to permit a defendant to bring a motion for compassionate release after either exhausting administrative rights to appeal the BOP's failure to bring such a motion or the passage of thirty days from the defendant's unanswered request to the warden for such relief. 18 U.S.C. § 3582(c)(1)(A). Through his motion, McCloud contends that the First Step Act also expanded the criteria for "extraordinary and compelling" circumstances; more specifically, he contends that the First Step Act now allows a district court to determine whether extraordinary and compelling reasons exist outside of the three enumerated examples in U.S.S.G. § 1B1.13 and independent of the BOP's determination.

McCloud's contention is not without support. Some district courts have determined that the First Step Act signaled an intent from Congress that district courts may now consider whether extraordinary and compelling reasons for compassionate release exist other than those delineated in U.S.S.G. § 1B1.13 n.1. See United States v. Brown, 411 F. Supp. 3d 446 (S.D. Iowa Oct. 8, 2019) (holding that the district court now assumes the same discretion as the BOP Director when it considers a compassionate release motion); United States v. Fox, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("I treat the previous BOP discretion to identify other extraordinary and compelling reasons as assigned now to the courts."); United States v. Beck, 2019 WL 2716505

3

(M.D.N.C. June 28, 2019); <u>United States v. Cantu</u>, 2019 WL 2498923 (S.D. Tex. June 17, 2019). These courts have held that the policy statement of U.S.S.G. § 1B1.13 is simply outdated because it assumes that compassionate release may only be granted upon motions by the Director of the BOP. <u>See, e.g.</u>, <u>Beck</u>, 2019 WL 2716505, at *5 ("There is no policy statement applicable to motions for compassionate release filed by defendants under the First Step Act.").

These cases, however, rest upon a faulty premise that the First Step Act somehow rendered the Sentencing Commission's policy statement an inappropriate expression of policy. This interpretation, and it appears to be an interpretation gleaned primarily from the salutary purpose expressed in the title of Section 603(b) of the First Step Act, contravenes express Congressional intent that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the "compassionate release" provision. <u>See</u> 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act *still* requires courts to abide by policy statements issued by the Sentencing Commission. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will follow the policy statement in U.S.S.G. § 1B1.13 and deny McCloud's motion because he does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances

4

outside of these examples exist to afford him relief. Accord, e.g., United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

Importantly, even if the Court were to conclude that the First Step Act granted it the discretion to consider what constitutes extraordinary and compelling circumstances outside of the Sentencing Commission's policy statement, McCloud would not be entitled to relief. McCloud explains that the inefficiency of the BOP in implementing programs that would allow him to earn good time credits under the First Step Act and his inability to participate in RDAP (Residential Drug Abuse Program) have deprived him of time credit against his federal sentence. In the Court's estimation, the speculative circumstances set forth by McCloud do

not constitute extraordinary and compelling circumstances warranting compassionate release. In fact, to the extent that McCloud is dissatisfied with the BOP's administration of his sentence, the more appropriate vehicle to seek relief is the filing of a habeas corpus petition under 28 U.S.C. § 2241 in the district of confinement.

Upon the foregoing, Defendant Glenn McCloud's motion for compassionate release (doc. 102) is hereby **DENIED.**

**ORDER ENTERED** at Augusta, Georgia, this ___ day of June, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA